UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Dominic Morales,<br><br>            Plaintiff<br><br>  v.<br><br>Federal Aviation Administration Aerospace Medical Certificate Division Manager David M. Obrien,<br><br>            Defendant | Case No. 2:23-cv-01455-CDS-MDC<br><br>**Order Granting Defendant's<br>Motion to Dismiss and Closing Case**<br><br>[ECF No. 7] |

       In September of 2023, pro se plaintiff Dominic Morales initiated this action against defendant David M. Obrien, the Federal Aviation Administration (FAA) aerospace medicine certificate division manager, for the denial of his airman medical certificate. *See* ECF No. 1-2. Morales seeks redress of this denial, claiming that he is entitled to an airman medical certificate. *Id.* In October of 2023, defendant filed a motion to dismiss, arguing that this court lacks subject matter jurisdiction due to Morales' failure to exhaust his administrative remedies. ECF No. 7. Morales opposes the motion. ECF No. 8. For the reasons herein, the court finds that it lacks subject-matter jurisdiction and grants defendant's motion to dismiss.

**I.    Background**

       On March 21, 2022, Morales applied for a first-class airman medical certificate to attend flight school and pursue a career in aviation. ECF 1-2 at ¶¶ 1, 4. Although Morales claims that he met "every medical standard" to be eligible for a first-class airman medical certificate, the FAA requested additional medical documentation and evaluations.[1] *Id.* at ¶ 1. Morales claims that these requests "go[] beyond the law since [he] meets all the requirements for a . . . . certificate." *Id.*

---

[1] The additional information was necessary to determine if Morales met the required medical standards in light of a past alcohol-related offense. Kabaza-Gomez Decl., Def.'s Ex. 1, ECF No. 7-1 at ¶ 4.

Morales refused to undergo the additional medical evaluations. *Id.* at ¶¶ 1–3. He claims that he furnished all of the requested records he could provide, but did not provide any hospitalization or other clinical/medical records because none exist. *Id.* at ¶ 2. Morales was not issued medical certification. *Id.* at ¶ 1.

Morales filed his complaint in the Eighth Judicial District Court of Clark County, Nevada on August 22, 2023. ECF No. 1-2. Obrien removed the case to this court on September 18, 2023. ECF No. 1.

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. Pursuant to 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint fails to allege sufficient facts to establish jurisdiction. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). In considering a 12(b)(1) motion, the court is not restricted to the face of the pleadings but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

## III. Discussion

### A. The Federal Aviation Act.

The FAA requires pilots to hold both a medical certificate and a pilot certificate. 14 C.F.R. § 61.3(c). These certificates are issued by the FAA administrator, who certifies pilots "qualified for, and physically able to perform the duties related to [their] position." 49 U.S.C. § 44703(a). The decision to issue a medical certificate is "based on medical examination and evaluation of the person's history and condition." 14 C.F.R. § 67.3. The FAA administrator may delegate their duty to issue or deny medical certificates to the Federal Air Surgeon and their representatives. 14 C.F.R. § 67.407(a)(b). Thus, the denial of a medical certificate by aeromedical certification division manager is "considered to be a denial by the [FAA] [a]dministrator." 14 C.F.R. § 67.409(b)(3).

Congress created an appeal process for adverse medical certificate determinations. *Gladden v. Berry*, 2018 U.S. Dist. LEXIS 229851, at *16 (D. Alaska Aug. 8, 2018). In order to appeal an adverse medical certificate determination, the applicant must first seek reconsideration from the FAA. *Id.* (citing 14 C.F.R. § 67.407(c)). If the applicant is still aggrieved after the FAA's final determination, the applicant may appeal to the National Transportation Safety Board (NTSB). *Id.* (citing 49 U.S.C. § 44703(d)(1)(2)). The NTSB reviews the denial under two levels of review: first, the appeal goes to an NTSB administrative law judge (ALJ) who issues a decision, then to the full board who reviews the ALJ's order. *See* 49 C.F.R. §§ 821.37–821.50. If the applicant is still aggrieved, the applicant may then file a petition for review in a U.S. Court of Appeals. *Id.* (citing 49 U.S.C. § 46110(a)(c)). A district court generally does not have subject matter jurisdiction over the FAA's denial of a medical certification unless the claimant first exhausted. *Gladden*, 2018 U.S. Dist. LEXIS 229851 (claimant's failure to exhaust administrative remedies barred district court's jurisdiction over challenge to denial of claimant's medical certification).

However, district courts have jurisdiction over claims that "broadly challenge[] the constitutionality of" the procedures that led to the issuance of the adverse FAA order. *Mace v. Skinner*, 34 F.3d 854, 858 (9th Cir. 1994). Still, for "a district court or court of appeals to have jurisdiction over direct challenges, the FAA order at issue must be final or fully exhausted." *Gladden*, 2018 U.S. Dist. LEXIS 229851, at *16 (citing *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 735-36 (9th Cir. 2006)). The denial of a medical certification is not a final order; the applicant must first seek reconsideration of the denial to make it a final order ripe for judicial review. *See Gladden*, 2018 U.S. Dist. LEXIS 229851, at *18 ("[T]his Court finds a final order does not exist for" for the denial of the applicant's "airman medical certification as [the applicant] did not seek reconsideration of the decision with the FAA.")

B.  **Defendant's motion to dismiss is granted because there is no final FAA order and Morales failed to exhaust.**

Morales' failure to procure a final order is fatal to this court's ability to exercise jurisdiction over this action. While a liberal construction of Morales' pleadings[2] could interpret several possible constitutional challenges—(1) the constitutionality of the FAA's medical examination request (ECF No. 1-2 at ¶ 3); (2) the need for a medical certificate as violating a fundamental liberty (*id.* at ¶¶ 3, 4); (3) an alleged due process violation (ECF No. 8 at 2); (4) the administrative exhaustion prerequisite violates the separation of powers doctrine (*id.* at 2–3)—the record indicates that Morales did not seek FAA reconsideration, as required to exhaust.[3] *See* Kabaza-Gomez Decl., Def.'s Ex, 1, ECF No. 7-1 at ¶¶ 9–12. Without reconsideration, there is no final order and therefore this court cannot review any potential constitutional challenges brought by Morales. *See Crist v. Leippe*, 138 F.3d 801, 804 (9th Cir. 1998) ("[S]ection 46110 permits jurisdiction in the district court to hear broad constitutional challenges only where the agency's order did not address those challenges"). Moreover, the record indicates that Morales failed to appeal the denial of his medical certification to the NTSB. *See* Kabaza-Gomez Decl., Def.'s Ex, 1, ECF No. 7-1 at ¶¶ 9–12.[4] As a result, Morales failed to exhaust his administrative remedies prior

---

[2] Courts must liberally construe the pleadings of pro se plaintiffs. *See United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir. 1990).

[3] Morales appears to argue that he is not required to exhaust (ECF No. 8 at 2, 4) arguing he states that he "can not [sic] be forced to go before the NTSB of the United States with an Administrative Law Judge (ALJ) of the executive branch" because there is "no 'law' stating he must go before an ALJ first before seeking a federal court." *Id.* at 2. Morales is incorrect. The Ninth Circuit has long held that district courts lack jurisdiction if an order is not final because the order is not ripe for review. *See Americopters, LLC*, 441 F.3d at 726. Further, Morales' statement that he "is not a government official . . . . and the court decided codes, rules and regulations govern government authorities only" as meaning because he is not a government official, he is not subject to those codes, rules or regulations (ECF No. 8 at 4) further demonstrates his lack of underlying about the administrative process. The court also notes that "judicial powers may be conferred upon administrative agencies." *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381 (1940); *Reconstruction Fin. Corp. v. Bankers Trust Co.*, 318 U.S. 163 (1943). Morales is still subject to exhaustion requirements, and he did not present any authority stating otherwise. Morales' separation of powers claim is equally unavailing as he fails to provide relevant legal authority supporting his position. *See* ECF No. 8 at 2–3.

[4] Morales denies having a history of an alcohol-related offenses and claims that the denial of his medical certificate on this ground violated federal law. ECF No. 8 at 6–7. While the court does not address the

to filing suit and without a final FAA order or exhaustion prior to filing suit, the court is without jurisdiction over this action. *See Gladden*, 2018 U.S. Dist. LEXIS 229851, at *16–17.

Because there is no final FAA order and because Morales failed to exhaust, this court lacks subject matter jurisdiction over this action. Defendant's motion to dismiss is granted.

IV.   Conclusion

IT IS HEREBY ORDERED that the motion to dismiss **[ECF No. 7] is GRANTED**. Plaintiff's complaint is dismissed without prejudice for lack of jurisdiction. The Clerk of Court is kindly instructed to close this case.

DATED: January 10, 2024

_____
Cristina D. Silva
United States District Judge

---

merits of his claim, that the proper route for Morales to have challenged the denial on this basis would have been administratively.

5